SKILLS DEVELOPMENT SERVICES,
INC., et al.

v.

Raymond J. DONOVAN, Secretary
of Labor, et al.

No. 81–3252.

United States District Court,
M.D. Tennessee,
Nashville Division.

June 29, 1982.

As Amended July 1, 1982.

Richard P. Lasko, Gerald A. Smith, Jr., Nashville, Tenn., for plaintiffs.

William Cohen, Asst. U.S. Atty., Ralph York, Dept. of Labor, Nashville, Tenn., Shalom Brilliant, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

MORTON, Chief Judge.

This cause was heard on June 24, 1982, upon cross-motions for summary judgment. The parties have agreed that all pertinent facts appear in the record by stipulation. Further, it is agreed that the basic legal principles applicable here are outlined in *Hodel v. Virginia Surface Mining and Reclamation Assoc.*, 452 U.S. 264, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981).

Plaintiffs are private, nonprofit corporations who have contracted with the State of Tennessee to provide various services for mentally retarded individuals. The crux of the lawsuit concerns whether plaintiffs are subject to the minimum wage and overtime pay provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* Plaintiffs allege that the Act may not be applied to them in view of the Tenth Amendment. They claim, in other words, that they are cognizable as arms of the state.

Defendant has forcefully contended that sound, persuasive authority is provided for the situation presented here by *Williams v. Eastside Mental Health Center, Inc.*, 669 F.2d 671 (11th Cir.1982). The court agrees and expressly adopts the reasoning employed in that case. Whatever nuances might be superimposed upon the relationship between these plaintiffs and the state, application of the Act to them does not represent regulation by federal authorities of the "States as States." *See Hodel, supra.* The fact that an impact of sorts might eventually wend its way back to the state, or even that the state's discretion ultimately might be impinged to some extent, does not detract from this result where Congress has validly exercised its power under the Constitution. *See id.* Tennessee has chosen to have the tasks performed by plaintiffs delegated by contract to private corporations, and has not chosen to have them performed by state agencies and state em-

ployees. As the *Williams* court recognized, "[w]hatever may have been the state's reason for doing it this way, it must live with the consequences." *Williams, supra,* 669 F.2d at 678.

Plaintiffs would essentially argue that although they are admittedly private corporations, sovereign immunity has been conferred upon them by virtue of their respective contractual relationships with the state. Even assuming arguendo that sovereign rights can be meted out in this fashion, the contracts themselves disclose that the state did not intend such a result here. Plaintiffs clearly were not to be designated by contract as state agencies, but rather were recognized as independent contractors. As such, and in light of the foregoing conclusions, they are entitled to no deference that might be accorded states under the Tenth Amendment.

An appropriate order will be entered.

### ORDER

In accordance with the memorandum contemporaneously filed, this case should be and the same is hereby DISMISSED.